IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1-10-bk-03895 RNO |
| HAROLD MICHAEL LAMONT, JR., and | : | |
| STEPHANIE A. LAMONT, | : | |
| | : | CHAPTER 13 |
| Debtors | : | |
| | : | |
| TREVIS TYREE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD MICHAEL LAMONT, | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 1-10-ap-00329 RNO |

# **OPINION**[1]

Presently pending before the Court is the Debtor/Defendant's Motion for Summary Judgment or, in the Alternative, Motion to Dismiss. For the reasons stated herein, the Debtor/Defendant's Motion to Dismiss for failure to state a claim is granted. The Plaintiff is allowed twenty-one (21) days to amend his Complaint, or this Adversary Proceeding will be dismissed.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J).

---

[1] Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

1

## II. Facts and Procedural History

On May 10, 2010, the Debtors, Harold Michael Lamont Jr. and Stephanie A. Lamont ("Debtors"), filed their Chapter 13 bankruptcy. Several months later, on August 30, 2010, this Adversary Proceeding was commenced when the Plaintiff, Trevis Tyree ("Tyree"), filed a Complaint against the Debtor/Defendant, Harold M. Lamont, Jr. ("Lamont"). In this action, Tyree seeks a determination of the non-dischargeability of debts Lamont owes to him under 11 U.S.C. § 523(a)(2)(A).[2] Tyree also seeks a denial of discharge pursuant to Chapter 7 §§ 727(a)(4) and 727(a)(5).

The Complaint makes certain factual allegations. It alleges that on November 13, 2007, Tyree sold his pool construction and servicing business, CMP Construction, LLC, to Lamont and A&M Pool Service and Supplies, Inc. The sale of the business was executed by way of several agreements, including among others, a bulk sales agreement, an asset purchase agreement, and a non-competition agreement. The agreements indicate that the total consideration for the sale of CMP Construction, LLC was $310,000.00. Tyree claims that $152,873.39 remains as an outstanding debt from the transaction. Tyree argues that the remaining debt should be non-dischargeable in Lamont's bankruptcy. He claims that Lamont made materially false statements that his business was very profitable, inducing Tyree's trust and sale of the business. Tyree also alleges that Lamont made inadequate disclosures in his bankruptcy schedules and has concealed assets and resources from the Court.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

**III. Discussion**

   **A. Standard to Decide a Motion to Dismiss Under F.R.B.P. 7012(b)**

Federal Rule of Bankruptcy Procedure 7012(b) incorporates, and makes applicable to adversary proceedings, Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008. Allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991).

The standards for considering a dismissal motion under Rule 12(b)(6) have been discussed at length in two recent Supreme Court decisions. In 2007, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) was decided. Its holding was reiterated by the Court two years later in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly*, the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's will not do". *Twombly*, 550 U.S. at 545 (quotations and citations omitted). The Court further elaborated in *Iqbal*:

> [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

> inference that the defendant is liable for the misconduct alleged.
> The plausibility standard is not akin to a probability requirement,
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. Where a complaint pleads facts that are merely
> consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949-50 (internal citations and quotations omitted).

    **B.    Non-Dischargeability Under § 523(a)(2)(A)**

Under § 523(a)(2), a debtor will not receive a discharge of any debt:

> (2) for money, property, services, or an extension, renewal, or
> refinancing of credit, to the extent obtained by—
>     (A) false pretenses, a false representation, or actual
>     fraud, other than a statement respecting the debtor's
>     or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). A creditor must prove the following common law elements of fraud to succeed in a § 523(a)(2)(A) claim: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation. See *In re Pearson*, 2010 WL 3956762, 2 (Bankr. M.D.Pa. 2010) (citing *In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998); *In re Glunk*, 343 B.R. 754, 759 (Bankr. E.D.Pa. 2006); *In re Santos*, 304 B.R. 639, 651 (Bankr. D.N.J. 2004); *In re Giarratano*, 299 B.R. 328, 334 (Bankr. D.Del. 2003)).

    Additionally, when fraud is plead, Federal Rule of Civil Procedure 9(b), as incorporated in Federal Rule of Bankruptcy Procedure 7009, places heightened requirements on a complaint. Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud". Fed. R. Civ. P. 9(b). The Third Circuit has explained, "[r]ule 9(b) requires a

4

plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3d Cir. 2006) quoting *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).

Tyree's entire claim for relief under § 523(a)(2)(A) is found in Paragraph 10 of the Complaint, which states:

> 10. Pursuant to 11 U.S.C. 523(a)(2)(A) the aforementioned debt is nondischargeable as the Defendant incurred the debt owed to Plaintiff based upon statements that were materially false, inducing Plaintiff to trust him and put him in a position of trust, thereby inducing Plaintiff to sell Defendant his business and holding the financing. These statements included claims that Defendant's business was very profitable which turned out to be false.

Compl. ¶ 10. This claim for relief, inclusive with the other very limited facts presented in the Complaint, fails to reach the heightened standards required under Rule 9(b). Tyree has not stated with particularity the circumstances of alleged fraud, nor has he indicated specific false representations of material fact. Further, Tyree's Complaint does not reach the standards articulated in *Twombly* and *Iqbal*. Tyree has merely plead legal conclusions and assertions. Legal conclusions and assertions alone do not include the factual content necessary to allow a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. The Complaint is deficient of the factual details necessary to state a plausible claim under § 523(a)(2)(A). Accordingly, the Motion to Dismiss is granted as to the claim for non-dischargeability under § 523(a)(2)(A).

Case 1:10-ap-00329-RNO    Doc 31    Filed 07/12/11    Entered 07/12/11 11:00:33    Desc
Main Document    Page 5 of 7

### C. Denial of Discharge Under § 727(a)(4) and (5)

Under § 727(a), a debtor shall be granted a discharge unless:

> (4) the debtor knowingly and fraudulently, in or in connection with the case--
> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a)(4) and (5). Section 103 discusses the applicability of chapters within the Bankruptcy Code. Section 103(b) states, "[s]ubchapters I and II of chapter 7 of this title apply only in a case under such chapter". 11 U.S.C. § 103(b). Section 727 is within subchapter II of Chapter 7 of the Bankruptcy Code. Lamont filed his bankruptcy petition under Chapter 13; § 727 is not applicable to him in his current case. See *In re Fisher*, 2007 WL 1119935, 3 (Bankr. N.D.Ohio. 2007) (§ 727(a)(4) not applicable in Chapter 13); *In re Girdaukas*, 92 B.R. 373, 376 (Bankr. E.D.Wis. 1988) (§ 727(a)(5) not applicable in Chapter 13); see also *In re Reveal*, 148 B.R. 288, 293 (Bankr. S.D.Ohio 1992). Although I take seriously any claims that a debtor may not have fully comported with his obligation to fully disclose his financial affairs, as a matter of law, Tyree has clearly failed to state a claim upon which relief can be granted. Therefore, the Motion to Dismiss is granted as to the claims for denial of discharge under § 727(a)(4) and (5).

### D. Motion for Summary Judgment

The Debtor/Defendant's Motion is for summary judgment or, in the alternative, a motion to dismiss. The standards to consider a motion for summary judgment are substantially different from a motion to dismiss. See generally, Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Having granted the Motion to Dismiss, in the interest of judicial restraint, I do not consider the Motion for Summary Judgment. "This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint - if it is not necessary to decide more, it is necessary not to decide more - counsels [me] to go no further." *PDK Laboratories Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. 2004).

## IV. Conclusion

Consistent with the reasoning given above, the Defendant's Motion to Dismiss is granted. The Plaintiff, Tyree, is allowed twenty-one (21) days to amend his Complaint, to comply with the above, or this Adversary Proceeding will be dismissed. An Order will be entered consistent with this Opinion.

By the Court,

*[signature: Robert N. Opel II]*
_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Date: July 12, 2011