IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : 
: CASE NO. 1-10-bk-03895 RNO
HAROLD MICHAEL LAMONT, JR., and :
STEPHANIE A. LAMONT, :
: CHAPTER 13
:
Debtors :
_____:_____
:
TREVIS TYREE, :
:
Plaintiff :
:
v. :
:
HAROLD MICHAEL LAMONT, :
:
Defendant : ADVERSARY NO. 1-10-ap-00329 RNO

## OPINION [1]

Presently pending before the Court is the Debtor/Defendant's Motion for Summary Judgment or, in the Alternative, Motion to Dismiss the Plaintiff's Amended Complaint to Deny Discharge. For the reasons stated herein, the Motion to Dismiss is granted. The Plaintiff will be allowed twenty-one (21) days to amend his Complaint to conform with this Opinion, or this Adversary Proceeding will be dismissed.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J).

**II.    Facts and Procedural History**

On May 10, 2010, the Debtors, Harold Michael Lamont Jr. and Stephanie A. Lamont

---

[1] Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

("Debtors"), filed their Chapter 13 bankruptcy. Several months later, on August 30, 2010, this Adversary Proceeding was commenced when the Plaintiff, Trevis Tyree ("Tyree"), filed a Complaint against the Debtor/Defendant, Harold M. Lamont, Jr. ("Lamont") seeking a determination of non-dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(2)(A)[2] as well as a denial of discharge under § 727. On July 12, 2011, I dismissed that original Complaint for failing to state a claim upon which relief could be granted. Leave was granted to file an amended complaint. Subsequently, on July 29, 2011, Tyree filed his Amended Complaint. He is again seeking a determination that certain debts that Lamont owes to him should be non-dischargeable under § 523(a)(2)(A). The Amended Complaint is not pursuing an objection to discharge under § 727.

On August 31, 2011, Lamont filed the present Motion for Summary Judgment or, in the Alternative, Motion to Dismiss the Amended Complaint. The Amended Complaint makes certain factual allegations. It alleges that on November 13, 2007, Tyree sold his pool construction and servicing business, CMP Construction, LLC, to Lamont and A&M Pool Service and Supplies, Inc. The sale of the business was executed by way of several agreements, including, among others, a bulk sales agreement, an asset purchase agreement, and a non-competition agreement. The agreements, which are attached as exhibits to the Amended Complaint, indicate that the total consideration for the sale of CMP Construction, LLC was $310,000.00. Tyree claims that $152,873.39 remains as an outstanding debt from the transaction. Tyree argues that the remaining debt should be non-dischargeable in Lamont's bankruptcy because of certain alleged false representations made to him by Lamont. The

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Plaintiff, Tyree, claims that Lamont said to him "I can easily afford to buy you out" and "I have better business expertise than you do," or words to that effect. Tyree's Am. Compl. ¶ 11. Tyree also claims that Lamont indicated that his business was more profitable than was indicated on the tax returns. He further alleges that Lamont falsely indicated that there was no mortgage debt on property he owned at 35 East Hanover Street, Gettysburg, Pennsylvania; and, that Lamont misrepresented his business expertise and acumen. *Id*.

### III. Discussion

#### A. Standard to Decide a Motion to Dismiss Under F.R.B.P. 7012(b)

Federal Rule of Bankruptcy Procedure 7012(b) incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008. Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991). A court may not consider matters extraneous to the pleadings, although, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir. 2002) (internal quotations and emphasis omitted). See also, *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d. Cir. 2006) citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The standards for considering a dismissal motion under Rule 12(b)(6) have been discussed at length in two recent Supreme Court decisions. In 2007, *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) was decided. Its holding was clarified by the Court two years later in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly*, the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do". *Twombly* at 545, (quotations and citations omitted). The Court further elaborated in *Iqbal*:

> . . . [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, at 1949 (internal citations and quotations omitted).

### B. Non-Dischargeability Under § 523(a)(2)(A)

Section 523(a)(2)(A) states:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). A creditor must prove the following common law elements of fraud to

succeed in a § 523(a)(2)(A) claim: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation.  See *In re Pearson*, 2010 WL 3956762, 2 (Bankr. M.D.Pa. 2010) (citing *In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998); *In re Glunk*, 343 B.R. 754, 759 (Bankr. E.D.Pa. 2006); *In re Santos*, 304 B.R. 639, 651 (Bankr. D.N.J. 2004); *In re Giarratano*, 299 B.R. 328, 334 (Bankr. D.Del. 2003)).  These elements of fraud must be proven by a preponderance of the evidence.  See *Grogan v. Garner*, 498 U.S. 279, 290, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The statute, specifically excludes representations of the debtor's or an insider's financial condition as a predicate for a § 523(a)(2)(A) action:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, **other than a statement respecting the debtor's or an insider's financial condition;**

11 U.S.C. § 523(a)(2)(A)(emphasis added).  See *In re Schempp*, 420 B.R. 637, 640 (Bankr. W.D.Pa. 2009) and, *In re Pearson*, 2010 WL 3956762, 2 (Bankr. M.D.Pa. 2010). Representations regarding a debtor's financial condition are only actionable under § 523(a)(2)(B), and then only if they were made in writing.  *Id*.  However, a disagreement has developed concerning the scope of the phrase "a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).  Two approaches have developed the broad scope and the narrow, or strict, scope.  See *Dill v. Meyers*, 2011 WL 1045340, 5 (Bankr. D.N.J. 2011) (citing *Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 112-113 (2nd Cir. 2002) (collecting cases adopting broad versus narrow scope), see also *In re Campbell*, 448

B.R. 876, 885 (Bankr. W.D.Pa. 2011).

The broad view interprets the statute such that "any communication that has a bearing on the debtor's financial position," is a statement respecting the debtor's financial condition. See *Dill v. Meyers*, 2011 WL 1045340 at 5; and, *In re Campbell*, 448 B.R. at 885 both citing *In re Joelson*, 427 F.3d 700, 704 (10th Cir. 2005). In contrast, the narrow, or strict, view limits the scope to "any communication that presents an overall picture of the debtor's financial position." *Id*. The Third Circuit has not yet embraced either position. But, several courts within the Circuit have adopted the narrow view while placing emphasis on two points "(a) whether the statement in issue constitutes 'information [that] a potential lender or investor would generally consider before investing, and (b) the intended purposes of . . . [such] statement.'" *In re Nicolai*, 2007 WL 405851, 1 (Bankr. D.N.J. 2007) (quoting *In re Booher*, 284 B.R. 191, 212 (Bankr. W.D.Pa. 2002); see also, *Dill v. Meyers*, 2011 WL 1045340 at 5; and, *In re Kleiman*, 2007 WL 1480716, 4 (Bankr. D.N.J. 2007).

The allegedly false representations under § 523(a)(2)(A) that Lamont made to Tyree are found in paragraph 11 of the Amended Complaint which states:

> 11. Defendant made the following materially false representation in the weeks prior to the parties execution of the above agreements on November 14, 2007.
> (a) Plaintiff had been planning to sell his business to another prospective buyer. When Defendant discovered Plaintiff's plans to sell his business to the other individual he convinced Plaintiff to sell his business to Defendant instead stating: " I can easily afford to buy you out " [sic]
> (b) At the time Defendant provided Plaintiff with copies of his tax returns he told Plaintiff that the income reported in his returns did not reflect all of his business profits and his business was even more profitable than his tax returns indicated.
> (c) Defendant also falsely represented that he owned real estate located at 35 East Hanover Street,

>                    Gettysburg, Pennsylvania outright and that there
>                    was no mortgage debt recorded against this
>                    improved real estate convincing Plaintiff that
>                    Defendant was more credit worthy than turned out
>                    to be true.
>                    (d)     Defendant falsely stated that he had better
>                    business expertise than turned out to be accurate,
>                    state " I have better business expertise than you do"
>                    ( or words to that effect ). For example after his
>                    business was sold to Defendant, Plaintiff received
>                    complaints or calls form [sic] former customers,
>                    subcontractors and Defendant's employees
>                    revealing sub par [sic] work such as installing
>                    underground skimmers lines with T joints which is
>                    evidence of substandard work and resulted in loss
>                    of future work.
>                    (e)     Defendant also misrepresented his business
>                    acumen and ability to retain Plaintiff's business
>                    customers. For example after selling the business to
>                    Defendant, Plaintiff discovered that Defendant
>                    sharply ( nearly doubling prices ) increased his
>                    prices to Plaintiff's old customers for opening and
>                    closing pools so that Defendant almost certainly
>                    would lose business and Defendant made other poor
>                    business decisions resulted in a steep decline of
>                    business.

Tyree's Am. Compl. ¶ 11.

I find that several of the allegedly false misrepresentations are within the scope of the narrow view as they are communications that present an overall picture of the Debtor's financial position. Specifically, the representations in paragraphs 11 (a), (b), and (c); including whether Lamont could afford to buy Tyree out, profits not reflected in Lamont's tax returns, and whether real estate was owned outright, are certainly the type of information that a potential lender would consider before investing. And further, these type of statements are directly consistent with those statements that other courts in the circuit have excluded under § 523(a)(2)(A). See *In re Nicolai*, 2007 WL 405851, 1 (Bankr. D.N.J. 2007); *In re Homschek*, 216 B.R. 748, 752-753 (Bankr. M.D.Pa. 1998). As statements respecting the Debtor's financial position, none of these

statements can form the basis of a cause of action under § 523(a)(2)(A).

The remaining allegedly false misrepresentations are in paragraphs 11 (d) and (e). They concern Lamont's business expertise and acumen when he was purchasing Tyree's business. Even construing these statements in the light most favorable to Tyree, he has not met the standards articulated in *Twombly* and *Iqbal*. Tyree's assertions are devoid of the factual details necessary to state a plausible claim under § 523(a)(2)(A). Tyree has attempted to substantiate allegedly false representations of Lamont's business expertise and acumen by describing business shortcomings that took place after the representations were made to him. For Tyree to have pled a plausible claim, it would have been necessary to plead facts or circumstances that show knowingly false representations made by the Debtor, made with the intent to deceive Tyree, and that Tyree justifiably relied upon those representations to his loss. Even in the most favorable light, the remaining assertions alone do not indicate circumstances to show that Lamont intentionally misrepresented himself to Tyree. Nor do they show how Tyree could have justifiably relied upon the allegedly false representations. With these allegations alone, the Amended Complaint stops short of demonstrating that Lamont misrepresented himself under § 523(a)(2)(A). Accordingly, the Motion to Dismiss is granted.

### C. Motion for Summary Judgment

The Debtor/Defendant's Motion is for summary judgment or, in the alternative, a motion to dismiss. The standards to consider a motion for summary judgment are substantially different from a motion to dismiss. See generally, Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Having granted the Motion to Dismiss, in the interest of judicial restraint, I need not consider the Motion for Summary Judgment. "This is a sufficient ground for deciding this case, and the cardinal principle of

judicial restraint - if it is not necessary to decide more, it is necessary not to decide more - counsels [me] to go no further." *PDK Laboratories Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799, (D.C. 2004).

## IV.     Conclusion

Consistent with the reasoning given above, the Defendant's Motion to Dismiss is granted. The Plaintiff, Tyree, is again allowed twenty-one (21) days to amend his Complaint, to comply with this Opinion, or this Adversary Proceeding will be dismissed. An Order will be entered consistent with this Opinion.

By the Court,

Date: November 10, 2011

Robert N. Opel, II, Bankruptcy Judge
(BI)